**KULEANA, LLC, a Washington limited liability company;  Harold E. Johnson, a single man, Plaintiffs–Appellants,**

v.

**DIVERSIFIED WOOD RECYCLING, INC., a Washington corporation, Defendant–Appellee.**

No.  09–35811.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2010.*

Filed June 10, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Laurel H. Skiddoway, Randall & Danskin PS, Spokane, WA, for Plaintiffs–Appellants.

Maris Baltins, Esquire, Baltins & Murock, Spokane, WA, for Defendant–Appellee.

Before:  CANBY, CALLAHAN and IKUTA, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

The district court did not err in dismissing Kuleana's complaint for failure to state a claim. Kuleana failed to show that Diversified's use of the court system to foreclose a lien constituted state action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint did not allege that the state statute or the state court procedures were unconstitutional or violated Kuleana's rights. *See Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 620–21, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991); *Tulsa Prof'l Collection Sers. v. Pope,* 485 U.S. 478, 491, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Nor are Diversified's actions fairly attributable to the state, because there was no joint action between Diversified and the state court. *See Collins v. Womancare,* 878 F.2d 1145, 1154 (9th Cir. 1989). The complaint did not allege conspiracy or concerted action. *See Howerton v. Gabica,* 708 F.2d 380, 383 (9th Cir. 1983). The allegation that a private party misused state procedures outlined in a state statute is not enough to establish state action, "even though the procedures themselves required the involvement of the county clerk" or other state official. *Id.* at 384 n. 9. And, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

Because Kuleana failed to establish state action, the complaint failed to allege a violation of the Fourteenth Amendment and also failed to satisfy the under-color-of-law requirement of § 1983. *See Collins,* 878 F.2d at 1148.

Diversified's request for attorneys' fees is denied because Kuleana's claims are not "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).